JILL A. VANDER BORGHT, SR. ASST. CITY ATTY.
State Bar No. 240004
MICHAEL M. LEE, SR. ASST. CITY ATTY.
State Bar No. 246363
AMELIA ANN ALBANO, CITY ATTORNEY
State Bar No. 103640
275 East Olive Avenue
Burbank, CA 91502
Tel: (818) 238-5707
Fax: (818) 238-5724
Email: JVanderBorght@burbankca.gov
Attorneys for Defendant CITY OF BURBANK, Officers Salvador Robles and Roberto Salazar

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MCCALL, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF BURBANK; OFFICER SALVADOR ROBLES; OFFICER ROBERTO SALAZAR and DOES 1-10 inclusive, <br><br> Defendants. | Case No.: 2:21-cv-04397 ODW (AGRx) <br><br> **DEFENDANTS CITY OF BURBANK, OFFICER SALVADOR ROBLES, AND OFFICER ROBERTO SALAZAR'S ANSWER TO PLAINTIFF'S COMPLAINT** <br><br> Assigned to the Hon. Otis D. Wright, II <br><br> Complaint Filed: May 26, 2021 <br> Trial Date: None set |

Defendants City of Burbank, Officer Salvador Robles and Officer Roberto Salazar (collectively, "Defendants") answer Plaintiff William McCall's ("Plaintiff") Complaint as follows:

1. Answering paragraph 1 of the Complaint, these answering Defendants admit

1

that this action arises from alleged use of force against Plaintiff. Deny any unlawful force, deny Plaintiff was "simply minding his own business when he was accosted by Burbank Police Department Officers," deny any assault, battery, or false arrest. Except as expressly admitted, these answering Defendants deny the remaining allegations in paragraph 1.

2. Answering paragraph 2 of the Complaint, these answering Defendants admit that at or around 1:30 a.m. on December 3, 2020, Plaintiff was stopped by Burbank Police for suspicious circumstances and a Vehicle Code violation near South Beachwood Drive and Parkside Avenue in Burbank, California. Except as expressly admitted, these answering Defendants deny the remaining allegations in paragraph 2.

3. Answering paragraph 3 of the Complaint, these answering Defendants deny any improper or unlawful conduct, deny causing Plaintiff any injury, deny they violated Plaintiff's rights whatsoever, deny egregious conduct, deny Plaintiff's physical injuries or any constitutional violations.

4. Answering paragraph 4 of the Complaint, these answering Defendants admit Plaintiff brings the case pursuant to 42 U.S.C. § 1983, admits jurisdiction is conferred pursuant to 28 U.S.C. § 1331, deny as to §1343, admit the Court has supplemental jurisdiction over related state law claims. Except as expressly admitted, these answering Defendants deny the remaining allegations in paragraph 4.

5. Answering paragraph 5 of the Complaint, these answering Defendants admit this Court has authority over declaratory and injunctive relief, deny Plaintiff is entitled to any such equitable relief whatsoever. Except as expressly admitted, these answering Defendants deny the remaining allegations in paragraph 5.

6. Answering paragraph 6 of the Complaint, these answering Defendants admit

that venue is proper in the Central District of California, deny every other remaining allegation in paragraph 6.

7. Answering paragraph 7 of the Complaint, these answering Defendants lack sufficient information or knowledge to admit or deny the allegations contained herein and on that basis deny them.

8. Answering paragraph 8 of the Complaint, these answering Defendants admit the City of Burbank is a municipal corporation in California, admit the Burbank Police Department is an agency of the City, deny "all actions of the BPD are the legal responsibility of the City," admit the City is charged with administration and operation of Burbank Police, including employment, control, supervision, discipline, training and practices of its personnel and employees and its policies, practices and customs, and deny there is any basis on which Plaintiff can sue the City in this lawsuit. Except as expressly admitted, these answering Defendants deny the remaining allegations in paragraph 8.

9. Answering paragraph 9 of the Complaint, these answering Defendants admit Salvador Robles is employed by the Burbank Police Department. Except as expressly admitted, these answering Defendants deny the remaining allegations of paragraph 9.

10. Answering paragraph 10 of the Complaint, these answering Defendants admit Roberto Salazar is employed by Burbank Police Department. Except as expressly admitted, these answering Defendants deny the remaining allegations of paragraph 10.

11. Answering paragraph 11 of the Complaint, these answering Defendants lack sufficient information or knowledge to admit or deny the allegations contained herein and, on that basis, deny each and every allegation in paragraph 11.

12. Answering paragraph 12 of the Complaint, these answering Defendants deny

1 | any unlawful conduct or resulting injuries to Plaintiff, deny acting jointly or
2 | conspiring with others, deny each and every remaining allegation in paragraph 12.
3 |     13. Answering paragraph 13 of the Complaint, these answering Defendants lack
4 | sufficient information or knowledge to admit or deny the allegations contained
5 | herein and, on that basis, deny each and every allegation in paragraph 13.
6 |     14. Answering paragraph 14 of the Complaint, these answering Defendants deny
7 | any omissions alleged herein, lack sufficient information or knowledge to admit or
8 | deny the remaining allegations in paragraph 14 and on that basis deny each
9 | remaining allegation.
10 |    15. Answering paragraph 15 of the Complaint, these answering Defendants deny
11 | any omissions alleged herein, lack sufficient information or knowledge to admit or
12 | deny the remaining allegations in paragraph 15 and on that basis deny each
13 | remaining allegation.
14 |    16. Answering paragraph 16 of the Complaint, these answering Defendants
15 | admit that on December 3, 2020 in the early morning, Plaintiff was walking in the
16 | area of South Beachwood Drive in Burbank. Defendants lack sufficient
17 | information or knowledge to admit or deny the remaining allegations and on that
18 | basis deny each and every remaining allegation in paragraph 16.
19 |    17. Answering paragraph 17 of the Complaint, these answering Defendants
20 | admit that as Plaintiff approached Parkside Avenue Defendant Robles approached
21 | Plaintiff. Defendants lack sufficient information or knowledge to admit or deny the
22 | remaining allegations and, on that basis, deny every remaining allegation in
23 | paragraph 17.
24 |    18. Answering paragraph 18 of the Complaint, the answering Defendants admit
25 | Defendant Robles asked Plaintiff to stop, deny Plaintiff complied, and lack
26 | sufficient information or knowledge to admit or deny the remaining allegations and
27 | on that basis deny each remaining allegation in paragraph 18.
28

4

DEFENDANTS CITY OF BURBANK, OFFICER SALVADOR ROBLES AND ROBERTO
SALAZAR'S ANSWER TO PLAINTIFF'S COMPLAINT (DKT. NO. 1).

19. Answering paragraph 19 of the Complaint, the answering Defendants deny Defendant Robles requested and received Plaintiff's driver's license, phone number and current address, deny Defendant Robles continued to question Plaintiff about whether he was intoxicated and if he had drugs on his person using accusatory and harassing tones, deny Officer Salazar approached and positioned himself behind Plaintiff on the curb, lack sufficient information or knowledge to admit or deny each remaining allegations and on that basis deny each remaining allegation in paragraph 19.

20. Answering paragraph 20 of the Complaint, these answering Defendants deny Defendant Robles proceeded to grab and twist Plaintiff's arm behind his back without warning, consent or cause, deny Plaintiff requested that he be permitted to hang up and put away his phone, deny it was forced out of his hand, deny that "at no point did Plaintiff resist or obstruct either Defendant," deny "Defendant Officers proceeded to handcuff Plaintiff and tackled him to the ground face-first, admit Plaintiff suffered an abrasion on his face, deny both "Defendants were on top of Plaintiff's person," deny a "pointless and harmful use of force," deny it was without cause, admit Defendant Robles searched Plaintiff.

21. Answering paragraph 21 of the Complaint, these answering Defendants admit additional Burbank Police officers arrived on the scene, deny Plaintiff's pinky finger was pricked and injected with a sharp object, which left a bruise on the site. Defendants admit Defendant Robles and his partner escorted Plaintiff to a patrol unit, admit Plaintiff was transported to St. Joseph's Medical Center and then to the Burbank Police Department, admit he was booked and held in custody for an alleged violation of Penal Code 148(a)(1). These answering Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in paragraph 21, and on that basis deny each and every remaining allegation in paragraph 21.

22. Answering paragraph 22 of the Complaint, these answering Defendants admit Plaintiff was issued a Notice to Appear at Burbank Superior Court on February 9, 2021 for an alleged violation of Penal Code § 148, admit no charges were filed against Plaintiff, and admit the Burbank City Attorney has declined to file charges against Plaintiff. Except as expressly admitted, these answering Defendants deny each and every remaining allegation in paragraph 22.

23. Answering paragraph 23 of the Complaint, these answering Defendants deny the use of excessive force, deny unlawful seizure by BPD, admit Plaintiff suffered a laceration to his face, deny Plaintiff suffered any other injuries, deny any assault and battery, deny BPD did not have reasonable suspicion or probable cause to detain and arrest Plaintiff, and deny Plaintiff was simply walking down the street in his own neighborhood. These answering Defendants are without sufficient knowledge or information with which to admit or deny Plaintiff's emotional injuries and on that basis deny each and every remaining allegation in paragraph 23.

24. Answering paragraph 24 of the Complaint, these answering Defendants admit Plaintiff incorporates the preceding allegations without admitting the truth of any matter alleged therein.

25. Answering paragraph 25 of the Complaint, these answering Defendants deny Defendants are liable for all injuries sustained based on *Monell v. Dep't of Soc. Servs. Of City of New York*.

26. Answering paragraph 26 of the Complaint, these answering Defendants deny the City has a *de facto* custom, policy, and/or practice of stopping and arresting people, such as Plaintiff, under pretextual violations of law notwithstanding the lack of probable cause, deny the City has a *de facto* custom, policy, and/or practice of using unreasonable force to apprehend non-threatening, complying individuals when arresting them on pretextual grounds, deny Burbank officers have engaged in

6
DEFENDANTS CITY OF BURBANK, OFFICER SALVADOR ROBLES AND ROBERTO SALAZAR'S ANSWER TO PLAINTIFF'S COMPLAINT (DKT. NO. 1).

similar unlawful arrests and incidents of excessive force on numerous occasions. Defendants admit the existence of the referenced lawsuits and deny they suggest any City wrongdoing *de facto* or otherwise. Except as expressly admitted, these answering Defendants deny each and every remaining allegation in paragraph 26.

27. Answering paragraph 27 of the Complaint, these answering Defendants admit the City participates in peace officer training, admits the City abides by peace officer standards. Except as expressly admitted, these answering Defendants deny each and every remaining allegation in paragraph 27.

28. Answering paragraph 28 of the Complaint, these answering Defendants deny each and every allegation in paragraph 28.

29. Answering paragraph 29 of the Complaint, these answering Defendants deny each and every allegation in paragraph 29.

30. Answering paragraph 30 of the Complaint, these answering Defendants deny each and every allegation in paragraph 30.

31. Answering paragraph 31 of the Complaint, these answering Defendants deny each and every allegation in paragraph 31.

32. Answering paragraph 32 of the Complaint, these answering Defendants deny each and every allegation in paragraph 32.

33. Answering paragraph 33 of the Complaint, these answering Defendants respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 33 contains any allegations that require a response, these answering Defendants deny them.

34. Answering paragraph 34 of the Complaint, these answering Defendants deny each and every allegation in paragraph 34.

35. Answering paragraph 35 of the Complaint, these answering Defendants deny each and every allegation in paragraph 35.

36. Answering paragraph 36 of the Complaint, these answering Defendants

1 admit Plaintiff filed a claim with the City without admitting the claim was properly
2 or timely filed, admit on May 6, 2021, the City informed Plaintiff the claim was
3 rejected by operation of law. Express as expressly admitted, these answering
4 Defendants deny each and every remaining allegation in paragraph 36.

5     37. Answering paragraph 37 of the Complaint, these answering Defendants
6 respond that this paragraph contains legal argument rather than factual allegations
7 and therefore does not require a response. To the extent that paragraph 37 contains
8 any allegations that require a response, these answering Defendants deny them.

9     38. Answering paragraph 38 of the Complaint, these answering Defendants
10 respond that this paragraph contains legal argument rather than factual allegations
11 and therefore does not require a response. To the extent that paragraph 38 contains
12 any allegations that require a response, these answering Defendants deny them.

13     39. Answering paragraph 39 of the Complaint, these answering Defendants deny
14 each and every allegation in paragraph 39.

15     40. Answering paragraph 40 of the Complaint, these answering Defendants deny
16        each and every allegation in paragraph 40.

17     41. Answering paragraph 41 of the Complaint, these answering Defendants
18 respond that this paragraph contains legal argument rather than factual allegations
19 and therefore does not require a response. To the extent that paragraph 41 contains
20 any allegations that require a response, these answering Defendants deny them.

21     42. Answering paragraph 42 of the Complaint, these answering Defendants deny
22 each and every allegation in paragraph 42.

23     43. Answering paragraph 43 of the Complaint, these answering Defendants lack
24 knowledge or information with which to admit or deny and on that basis deny each
25 and every allegation in paragraph 43.

26     44. Answering paragraph 44 of the Complaint, these answering Defendants
27
28

respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 44 contains any allegations that require a response, these answering Defendants deny them.

45. Answering paragraph 45 of the Complaint, these answering Defendants respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 45 contains any allegations that require a response, these answering Defendants deny them.

46. Answering paragraph 46 of the Complaint, these answering Defendants respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 46 contains any allegations that require a response, these answering Defendants deny them.

47. Answering paragraph 47 of the Complaint, these answering Defendants deny each and every allegation in paragraph 47.

48. Answering paragraph 48 of the Complaint, these answering Defendants deny each and every allegation in paragraph 48.

49. Answering paragraph 49 of the Complaint, these answering Defendants deny each and every allegation in paragraph 49.

50. Answering paragraph 50 of the Complaint, these answering Defendants deny each and every allegation in paragraph 50.

51. Answering paragraph 51 of the Complaint, these answering Defendants lack information or knowledge with which to admit or deny and on that basis deny each and every allegation in paragraph 51.

52. Answering paragraph 52 of the Complaint, these answering Defendants respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 52 contains any allegations that require a response, these answering Defendants deny them.

53. Answering paragraph 53 of the Complaint, these answering Defendants

respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 53 contains any allegations that require a response, these answering Defendants deny them.

54. Answering paragraph 54 of the Complaint, these answering Defendants deny each and every allegation in paragraph 54.

55. Answering paragraph 55 of the Complaint, these answering Defendants respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 55 contains any allegations that require a response, these answering Defendants deny them.

56. Answering paragraph 56 of the Complaint, these answering Defendants deny each and every allegation in paragraph 56.

57. Answering paragraph 57 of the Complaint, these answering Defendants respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 57 contains any allegations that require a response, these answering Defendants deny them.

58. Answering paragraph 58 of the Complaint, these answering Defendants deny each and every allegation in paragraph 58.

59. Answering paragraph 59 of the Complaint, these answering Defendants lack sufficient information or knowledge with which to admit or deny and on that basis deny each and every allegation in paragraph 59.

60. Answering paragraph 60 of the Complaint, these answering Defendants respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 60 contains any allegations that require a response, these answering Defendants deny them.

61. Answering paragraph 61 of the Complaint, these answering Defendants

respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 61 contains any allegations that require a response, these answering Defendants deny them.

62. Answering paragraph 62 of the Complaint, these answering Defendants deny each and every allegation in paragraph 62.

63. Answering paragraph 63 of the Complaint, these answering Defendants deny each and every allegation contained in paragraph 63.

64. Answering paragraph 64 of the Complaint, these answering Defendants respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 64 contains any allegations that require a response, these answering Defendants deny them.

65. Answering paragraph 65 of the Complaint, these answering Defendants lack sufficient information or knowledge with which to admit or deny and on that basis deny each and every allegation in paragraph 65.

66. Answering paragraph 66 of the Complaint, these answering Defendants deny each and every allegation in paragraph 66.

67. Answering paragraph 67 of the Complaint, these answering Defendants deny each and every allegation in paragraph 67.

68. Answering paragraph 68 of the Complaint, these answering Defendants respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 68 contains any allegations that require a response, these answering Defendants deny them.

69. Answering paragraph 69 of the Complaint, these answering Defendants deny each and every allegation in paragraph 69.

70. Answering paragraph 70 of the Complaint, these answering Defendants deny each and every allegation in paragraph 70.

71. Answering paragraph 71 of the Complaint, these answering Defendants

DEFENDANTS CITY OF BURBANK, OFFICER SALVADOR ROBLES AND ROBERTO SALAZAR'S ANSWER TO PLAINTIFF'S COMPLAINT (DKT. NO. 1).

respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 71 contains any allegations that require a response, these answering Defendants deny them.

72. Answering paragraph 72 of the Complaint, these answering Defendants deny each and every allegation in paragraph 72.

73. Answering paragraph 73 of the Complaint, these answering Defendants lack information or knowledge with which to admit or deny and on that basis deny every allegation in paragraph 73.

74. Answering paragraph 74 of the Complaint, these answering Defendants deny each and every allegation in paragraph 74.

75. Answering paragraph 75 of the Complaint, these answering Defendants respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 75 contains any allegations that require a response, these answering Defendants deny them.

76. Answering paragraph 76 of the Complaint, these answering Defendants deny each and every allegation in paragraph 76.

77. Answering paragraph 77 of the Complaint, these answering Defendants respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 77 contains any allegations that require a response, these answering Defendants deny them.

78. Answering paragraph 78 of the Complaint, these answering Defendants deny each and every allegation in paragraph 78.

79. Answering paragraph 79 of the Complaint, these answering Defendants respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 79 contains any allegations that require a response, these answering Defendants deny them.

80. Answering paragraph 80 of the Complaint, these answering Defendants

respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 80 contains any allegations that require a response, these answering Defendants deny them.

81. Answering paragraph 81 of the Complaint, these answering Defendants deny each and every allegation in paragraph 81.

82. Answering paragraph 82 of the Complaint, these answering Defendants deny each and every allegation in paragraph 82.

83. Answering paragraph 83 of the Complaint, these answering Defendants deny each and every allegation in paragraph 83.

84. Answering paragraph 84 of the Complaint, these answering Defendants deny each and every allegation in paragraph 84.

85. Answering paragraph 85 of the Complaint, these answering Defendants respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 85 contains any allegations that require a response, these answering Defendants deny them.

86. Answering paragraph 86 of the Complaint, these answering Defendants respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 86 contains any allegations that require a response, these answering Defendants deny them.

87. Answering paragraph 87 of the Complaint, these answering Defendants deny each and every allegation in paragraph 87.

88. Answering paragraph 88 of the Complaint, these answering Defendants lack information or knowledge with which to admit or deny and on that basis deny each and every allegation in paragraph 88.

89. Answering paragraph 89 of the Complaint, these answering Defendants

respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 89 contains any allegations that require a response, these answering Defendants deny them.

90. Answering paragraph 90 of the Complaint, these answering Defendants deny each and every allegation in paragraph 90.

91. Answering paragraph 91 of the Complaint, these answering Defendants deny each and every allegation in paragraph 91.

92. Answering paragraph 92 of the Complaint, these answering Defendants deny each and every allegation in paragraph 92.

93. Answering paragraph 93 of the Complaint, these answering Defendants deny each and every allegation in paragraph 93.

94. Answering paragraph 94 of the Complaint, these answering Defendants lack information or knowledge with which to admit or deny and on this basis deny each and every allegation in paragraph 94.

95. Answering paragraph 95 of the Complaint, these answering Defendants respond that this paragraph contains legal argument rather than factual allegations and therefore does not require a response. To the extent that paragraph 95 contains any allegations that require a response, these answering Defendants deny them.

96. Answering paragraph 96 of the Complaint, these answering Defendants deny each and every allegation in paragraph 96.

97. Answering paragraph 97 of the Complaint, these answering Defendants deny each and every allegation in paragraph 97.

98. Answering paragraph 98 of the Complaint, these answering Defendants deny each and every allegation in paragraph 98.

99. Answering paragraph 99 of the Complaint, these answering Defendants deny each and every allegation in paragraph 99.

100. Answering paragraph 100 of the Complaint, these answering

DEFENDANTS CITY OF BURBANK, OFFICER SALVADOR ROBLES AND ROBERTO SALAZAR'S ANSWER TO PLAINTIFF'S COMPLAINT (DKT. NO. 1).

Defendants lack information and knowledge with which to admit or deny and on that basis deny each and every allegation in paragraph 100.

101. Answering ECF No. 1 at (Request for Relief), these answering Defendants admit Plaintiff is seeking declaratory, injunctive, general, special, and punitive damages, costs and attorneys' fees, but deny that Plaintiff is entitled to any such relief, or any relief at all.

AS SEPARATE AND AFFIRMATIVE DEFENSES, these answering Defendants allege as follows:

1. This action is barred in whole or in part by Plaintiff's failure to state a claim upon which relief can be granted.

2. Defendants did not deprive Plaintiff of any right, privilege, or immunity guaranteed by the Constitution or laws of the United States or the State of California.

3. Defendants assert that, at all relevant times, they acted within the scope of discretion, with due care, and with good faith in fulfillment of their responsibilities under all applicable statutes, rules, regulations, and practices; within the bounds of reason under all circumstances known; and with the good-faith belief that their actions comported with all applicable federal and state laws. Defendants therefore assert their immunity from liability.

4. Defendants are entitled to qualified and official and quasi-judicial immunity.

5. Defendants assert that Plaintiff's claims are barred, limited, or controlled by principles of immunity, including the federal-law principle of qualified immunity and applicable state-law immunities, including but not limited to immunities outlined in California Government Code §§ 821.6, 820.2, 820.4, 821.6, and 820.8.

6. Defendants assert that Plaintiff's complaint and each alleged cause of action fail as a matter of law.

7. Defendants assert that they have performed all obligations to Plaintiff under applicable laws, and any deficiencies in performance were caused by Plaintiff and other individuals or entities not named as Defendants in Plaintiff's complaint.

8. Defendants are not vicariously liable for any act or omission of any other person, by way of *respondeat superior* or otherwise.

9. Defendants assert that Plaintiff has suffered no injury or harm.

10. Defendants assert that Plaintiff has failed to mitigate any damages.

11. Defendants assert that Plaintiff has failed to comply with the claim filing requirements of the California Government Claims Act properly and adequately.

12. Defendants assert that they did not act with malicious intent or reckless disregard for Plaintiff's rights and therefore are not liable for punitive damages.

13. Defendants assert that Plaintiff's claims are barred by the "unclean hands" doctrine.

14. Defendants assert that Plaintiff's claims are barred by the statute of limitations.

15. Defendants assert that Plaintiff's claims are barred by the doctrine of "laches."

16. Defendants assert that this action is barred, in whole or in part, by waiver, equitable estoppel, and / or ratification.

17. Defendants assert that they exercised due care and acted only in the execution or enforcement of the law.

18. Defendants are not liable for any injury or damages, if there were any, caused by an exercise of discretion.

19. Plaintiff has failed to state facts sufficient to constitute a cause of action in accordance with *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

20. Because Plaintiff was careless and negligent, he is comparatively at fault and

any damages recovered by Plaintiff should be reduced, abated, or eliminated to the extent Plaintiff's fault caused or contributed to Plaintiff's damages, if any.

21. In the event Plaintiff recovers damages against any Defendant, Defendants are entitled to have the amount abated, reduced or eliminated to the extent of other third parties' fault caused or contributed to Plaintiff's damages, if any.

22. There is no basis for imposing vicarious liability on a public entity when its employee is not liable. Cal. Gov. Code, § 815.2; *Zelig v. County of Los Angeles*, 27 Cal.4th 1112, 1131 (2002).

23. There is no liability for any injury or damages, if any, resulting from failure to discharge any mandatory duties as reasonable diligence was exercised to discharge any duty there may have been. Cal. Gov. Code, § 815.6.

24. This action is barred, in whole or in part, by the doctrines of res judicata and collateral estoppel.

25. Defendants may be entitled to reasonable attorney fees and costs of suit if the action is found to be unreasonable, frivolous, meritless, or vexatious. *Patton v. Cnty. of Kings* 857 F.2d 1379, 1381 (9th Cir. 1988).

26. This action is barred in whole or in part by the favorable termination doctrine. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

27. Defendants assert that Plaintiff has failed to join indispensable parties.

28. Because Plaintiff's Complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. The defense and affirmative defenses identified in Defendants' Answer to Plaintiff's Complaint are based on the facts and information currently known to Defendants. Accordingly, Defendants specifically reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are or become applicable.

29. Defendants are not liable for the causes of action alleged under state law

herein on the basis of Plaintiff's failure to comply with the claim filing requirements of the California Government Claims Act.

30. Notwithstanding that these answering Defendants deny that Plaintiff was subjected to any deprivation of his constitutional rights as alleged in the Complaint herein, it is affirmatively alleged that the actionable facts giving rise to any such allegedly improper action do not rise to the level of a constitutional deprivation.

31. These answering Defendants are not liable for the acts alleged in Plaintiff's Complaint because any and all events, happenings, injuries, losses or damages referred to in Plaintiff's Complaint herein were directly and proximately caused and contributed to by the carelessness and negligence of Plaintiff and/or other third persons and the extent of damages sustained by Plaintiff, if any, should be reduced proportionately.

32. These answering Defendants are not liable for the acts alleged in Plaintiff's Complaint because Plaintiff assumed the risk of any injuries and harm when he took the actions that he did.

33. Plaintiff was guilty of active and affirmative negligence in and about the matters stated in his Complaint. Said active and affirmative negligence was the proximate cause of Plaintiff's injuries and/or damages, if any, for which Plaintiff complains herein, and bars any right to indemnification or other compensation which Plaintiff may assert against these answering Defendants.

**DEMAND FOR JURY TRIAL**

Defendants demand under Federal Rule of Civil Procedure 38 that this matter be tried by and before a jury to the extent provided by law.

Therefore, Defendants ask that:

1. Judgment be entered in favor of Defendants and against Plaintiff;
2. Plaintiff take nothing under his Complaint;
3. Defendants be awarded the costs of suit including attorneys' fees

DEFENDANTS CITY OF BURBANK, OFFICER SALVADOR ROBLES AND ROBERTO SALAZAR'S ANSWER TO PLAINTIFF'S COMPLAINT (DKT. NO. 1).

pursuant to 42 USC §1988; and

    4.    Defendants be awarded any other relief as the Court may deem necessary and proper.

DATED: July 27, 2021

Respectfully submitted,
City Attorney's Office of the City of Burbank

By: _____
Jill Vander Borght
Senior Assistant City Attorney
Attorney for Defendant CITY OF BURBANK, Officers Salvador Robles and Roberto Salazar

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2021, our office electronically transmitted the foregoing document to the Clerk's office using the Court's CM/ECF System and thereby served all counsel of record in this matter.

By: */s/ Jill Vander Borght*
Jill Vander Borght

DEFENDANTS CITY OF BURBANK, OFFICER SALVADOR ROBLES AND ROBERTO SALAZAR'S ANSWER TO PLAINTIFF'S COMPLAINT (DKT. NO. 1).