| | |
|---|---|
| Pedram Esfandiary (SBN: 312569) <br> pesfandiary@baumhedlundlaw.com <br> Monique Alarcon, Esq. (SBN: 311650) <br> malarcon@baumhedlundlaw.com <br> **BAUM HEDLUND ARISTEI & GOLDMAN, P.C.** <br> 10940 Wilshire Blvd., 17th Floor <br> Los Angeles, CA 90024 <br> Telephone: (310) 207-3233 <br> Facsimile: (310) 820-7444 <br><br> *Attorneys for Plaintiff* | Jill A. Vander Borght, Sr. Asst. City Atty (SBN 240004) <br> Amelia Ann Albano, City Attorney (SBN 103640) <br> 275 East Olive Avenue <br> Burbank, CA 91502 <br> Tel: (818) 238-5707 <br> Fax: (818) 238-5724 <br> Email: JVanderBorght@burbankca.gov <br><br> *Attorneys for Defendants* City of Burbank, Officers Salvador Robles, and Roberto Salazar |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MCCALL, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF BURBANK; OFFICER ROBLES; OFFICER SALAZAR and DOES 1-10 inclusive, <br><br> Defendants. | Case No. 2:21-CV-04397 ODW (AGRx) <br><br> **JOINT RULE 26(f) REPORT** |

**TO THIS HONORABLE COURT:**

Pursuant to Federal Rule of Civil Procedure 26(f), Central District of California Local Rule 26-1, and this Court's Order Setting Scheduling Conference (Dkt. 16), the parties, by and through their attorneys of record, have conferred and herewith submit this joint report following the conference of counsel.

//

A. **Statement of the Case**

    1. **According to Plaintiff:**

On December 3, 2020, William McCall ("Plaintiff") was walking through his own neighborhood in the City of Burbank, speaking on his cell phone, when he was stopped by Defendant Salvador Robles of the Burbank Police Department (BPD) for no lawful reason. Notwithstanding Plaintiff's compliance with Defendant's directions, and without justification, Defendant Officer Robles violently apprehended Plaintiff by twisting his arm behind his back, smashing his face to the ground, and placing his entire body weight on top of Plaintiff while he was handcuffed and arrested. Defendant Robles, and other BPD officers who arrived on scene, subsequently booked Plaintiff on an unfounded charge for an alleged violation of California Penal Code § 148(a)(1) (resisting or obstructing an officer). On information and belief, BPD supervising officers who arrived on scene ordered and/or approved Plaintiff's custodial arrest, without probable cause. Plaintiff was confined at the BPD station until the late morning, when he was released on his own recognizance and was ordered to appear in court at a later date. To date, the Burbank City Attorney has filed no charges against Plaintiff.

Plaintiff alleges violations of his right to be free from excessive force and unlawful seizure, violation of his right to substantive due process, assault, battery, negligence, false arrest, and violation of the Bane Act (Cal. Civ. Code 52.1). Plaintiff seeks to recover damages for the unlawful arrest and injuries he has suffered, as well as punitive damages against the individual BPD officers involved.

    2. **According to Defendants:**

Burbank Police Officer Salvador Robles was patrolling a residential neighborhood in the Burbank Rancho neighborhood at approximately 1:00 a.m. when he noticed Plaintiff walking in the middle of the street in violation of the Vehicle Code. There had been at least twenty-two prior criminal incidents in the surrounding

mile, including four within 0.3 of a mile in the preceding month and Robles reasonably believed Plaintiff's behavior was suspicious at the early hour. He detained Plaintiff, asked him a series of questions during which Plaintiff consented to be searched. While conducting the search, Plaintiff refused to put down or relinquish control of his cell phone, which Officer Robles reasonably requested to ensure the safety of the search. Plaintiff became agitated in his refusal, Officer Robles and his partner believed Plaintiff's agitation was threatening, and that he might have a weapon in his possession or use the cell phone as a weapon. As such, Officer Robles and his partner brought Plaintiff to the ground to avoid further risk to Plaintiff, himself, or his partner. Plaintiff's detention, search, and arrest were lawful.

**B.     Subject Matter Jurisdiction**

This case arises under 42 U.S.C. § 1983 and California law.  This Court has subject matter jurisdiction over Plaintiff's federal question and civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C §1367 as those claims arise out of the same transactions and occurrences as Plaintiff's federal question claims.

**C.     Legal Issues**

   **1.     Plaintiff's Claims and Legal Issues:**

Plaintiff's Complaint contains the following causes of action:

   1. Unlawful Seizure and Excessive Force (Fourth Amendment) pursuant to 42 U.S.C. § 1983;
   2. Substantive Due Process Violation (Fourteenth Amendment) pursuant to 42 U.S.C. § 1983;
   3. Violation of Bane Act - California Civil Code § 52.1;
   4. Assault and Battery;
   5. Negligence; and
   6. False Imprisonment and False Arrest by a Peace Officer.

The issues to be determined are:

    i. Whether Defendants used unreasonable force in violation of Plaintiff's Fourth, and Fourteenth Amendment rights?

    ii. Whether the City is liable to Plaintiff under *Monell* for violations of Plaintiff's Fourth and Fourteenth Amendment rights?

    iii. If Plaintiff's rights were violated by Defendants, what damages did Defendants cause to Plaintiff?

    iv. Whether Defendants are liable to Plaintiff under State law claims?

    v. The nature and extent of Plaintiff's damages.

**1.     Defendants' Position:**

Defendants deny each and every claim set forth in the Complaint. Defendants deny any force used was unreasonable or violated Plaintiff's constitutional rights. Defendants deny the City has any policy, pattern or practice in violation of *Monell*. Defendants deny they are liable or caused any damage to Plaintiff under federal or state law.

**D.     Alternative Dispute Resolution & Settlement Discussions**

Plaintiff prefers ADR No. 2 (panel mediator) as a first option, or ADR No. 1 (District/Magistrate Judge neutral) as a second option. Defendants prefer ADR No. 1, or No. 2 as a second option.

**E.     Proposed Trial & Related Dates**

    Jury Trial: July 12, 2022

    Trial Estimate: 2 court days

    Final Pretrial Conference: Monday, June 27, 2022

//

//

//

**F.     Law and Motion Schedule**

   **1.     Plaintiff**

Plaintiff anticipates filing a motion for summary judgment or summary adjudication and various motions *in limine* to exclude irrelevant and unduly prejudicial evidence at trial, and an omnibus *Daubert* motion to exclude, in whole or in part, the testimony of Defendants' experts.  Discovery is required before Plaintiff is in a position to file any of the above motions.

   **2.     Defendants**

Following additional discovery, Defendants anticipate filing a motion for summary judgment or summary adjudication and various motions *in limine*.

The parties propose the following deadline to hear dispositive motions:
**Motion Cut-Off**: May 10, 2022

**G.     Discovery Schedule and Cut-off Dates**

   **1.     Proposed Cut-off Dates**

   Initial Disclosures Due: September 28, 2021

   Last day to add parties/amend pleadings: November 1, 2021

   Non-Expert Fact Discovery Cut-off: January 21, 2022

   Settlement Conference Completion Date: February 1, 2022

   Initial Expert Disclosures:  February 11, 2022

   Rebuttal Expert Disclosures: March 4, 2022

   Expert Discovery Cut-off:  March 25, 2022

   **2.     Discovery Plan**

The parties address the subjects contained in Rule 26(f) as follows:

   **a.     Subjects of discovery**.

      **(i)     <u>Depositions</u>**

It is Plaintiff's position that the nature of this case requires the taking of

numerous depositions including party, witness, and damages experts. Plaintiff anticipates requiring approximately 10 depositions of BPD Defendants, the BPD's persons most knowledgeable, and other percipient witnesses. Although no dates are yet set for depositions, Plaintiff anticipates that depositions will commence before the end of the year and continue into 2022.

Without prejudice to its right to seek discovery on any relevant issue, Defendants contemplate deposing the Plaintiff and 2-3 additional potential witnesses and will make Defendants and responding BPD personnel available for deposition to the Plaintiff but reserve the right to object to numerous or unnecessary BPD depositions. Defendants agree to the timeline Plaintiff proposes above.

### (ii) Written Discovery

The parties have already engaged in informal discovery to help streamline the discovery. Plaintiff intends to propound requests for production, interrogatories, and request for admission on Defendants. Plaintiff anticipates requiring certain portions of the involved officers' personnel files and BPD's policies and written training materials.

Without prejudice to its right to seek discovery on any relevant issue, Defendants intend to propound requests for production, interrogatories, and requests for admission on Plaintiff. Defendants have already produced relevant policies and will produce relevant written training materials as requested. Defendants reserve the right to object to any discovery request, including production of any irrelevant or harassing requests for officer personnel file contents.

**b. Electronic discovery issues.**

Defendants will produce relevant emails and anticipate producing approximately 35 or fewer emails. Defendants are not aware of any additional ESI.

**c. Claim of privilege or protection.**

Defendants reserve the right to protect any officer personnel material to the

extent allowed under the law and would propose the use of the Central District's Form Stipulated Protective Order to protect any such information that must be disclosed.

      **d. Changes in Rules' limitations on discovery.**

At this time, the parties do not anticipate any additional changes to the Rules' limitations on discovery.

**H.    Additional Parties to Be Added**

Plaintiff, upon identification, will amend the complaint to identify those officers who were involved in the use of force, and/or directed, ratified, or approved the use of force, which were unknown to Plaintiff at the time of filing and were fictitiously sued as DOE defendants. The parties propose the following deadline to add parties:

**Last day to add parties/amend pleadings**: November 1, 2021

**I.    Amendment of Pleadings**

Plaintiff may amend the complaint to add names of officers who were involved in use of force against Plaintiff.

Dated:  September 27, 2021       Respectfully submitted

                                        **BAUM HEDLUND ARISTEI & GOLDMAN, P.C.**

                                        By:  /s/ Monique Alarcon
                                        Monique Alarcon, Esq.
                                        malarcon@baumhedlundlaw.com
                                        Pedram Esfandiary, Esq.
                                        pesfandiary@baumhedlundlaw.com
                                        10940 Wilshire Boulevard, Suite 1600
                                        Los Angeles, CA 90024
                                        Telephone: (310) 207-3233

                                        *Attorneys for Plaintiff*

Date:  September 27, 2021  **BURBANK CITY ATTORNEY'S OFFICE**

By:  /s/ Jill Vander Borght
Jill Vander Borght
Attorneys for DEFENDANTS City of Burbank,
Officers Robles and Salazar

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 27th day of September, our office electronically transmitted the foregoing document to the Clerk's office using the Court's CM/ECF System and thereby served all counsel of record in this matter.

                                        */s/ Monique Alarcon*
                                        Monique Alarcon